1 | **NICOLE CALDWELL**
14311 Newport Avenue
2 | Suite G, PMB 205
Tustin, California 92780
3 | 808-772-2207
Email: Nicole.ARAGON@icloud.com
4 |
5 | NICOLE CALDWELL (AKA NICOLE ARAGON) PROPRIA PERSONA

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG - 7 2025

CENTRAL DISTRICT OF CALIFORNIA
BY DVF         DEPUTY

IFP Submitted

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| | |
|---|---|
| **NICOLE ARAGON**<br>(aka: NICOLE CALDWELL), an Individual<br><br>Plaintiff(s),<br><br>vs.<br><br><br><br>**CITY OF TUSTIN**, a Municipality,<br>**TUSTIN POLICE DEPARTMENT**, a Public Entity,<br>**DETECTIVE GRACELIA MELENDREZ**, a Public Official, AND<br>**DOES 1-10**<br><br>Defendant(s). | Case No.: 8:25-cv-01741-HDV-(JC)<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**1. FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)**<br>**2. FOURTEENTH AMENDMENT DUE PROCESS VIOLATION (42 U.S.C. § 1983)**<br>**3. MONELL CLAIM AGAINST CITY OF TUSTIN (42 U.S.C. § 1983)**<br>**4. FAILURE TO INTERVENE (42 U.S.C. § 1983)**<br>**5. SUPPLEMENTAL CLAIM – CALIFORNIA PUBLIC RECORDS ACT VIOLATION (Gov. Code § 6250 et seq.)**<br>**JURY TRIAL DEMANDED**<br><br>DATE:<br>TIME:<br>DEPT:<br><br>Judge:<br>Dept:<br>Action Filed:<br>Trial Date: |

[Federal Civil Rights Complaint: U.S. District Court - Central District of California

- 1 -
COMPLAINT – FEDERAL COURT

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the events giving rise to these claims occurred in Orange County, California.

## II. PARTIES

2. Plaintiff NICOLE CALDWELL (a.k.a. NICOLE ARAGON) is an individual residing in Tustin, California.

3. Defendant CITY OF TUSTIN is a municipal entity organized under California law and responsible for the operation of the Tustin Police Department.

4. Defendant DETECTIVE MELENDREZ is sued in his individual capacity for acts under color of law.

5. DOE OFFICERS 1–10 and DOES 11–20 are sued in their individual capacities. Identities will be substituted when discovered.

## III. LEGAL REASONING FOR FEDERAL FILING AND CLAIM SEPARATION

6. This action is properly filed in federal court under 28 U.S.C. §§ 1331 and 1343 because it arises under the United States Constitution and federal civil rights statutes, including 42 U.S.C. § 1983.

7. Plaintiff asserts claims for First Amendment retaliation, Fourteenth Amendment due process violations, Monell municipal liability, and failure to intervene — all of which are governed by federal law and best adjudicated in federal court.

8. The facts of this case reflect patterns of systemic misconduct by law enforcement officers acting under color of state law. These patterns implicate Monell liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and require interpretation of federal precedent that federal courts are uniquely equipped to apply.

9. Plaintiff's federal claims are distinct and severable from the state-law causes of action, which will be filed separately in California Superior Court. This includes a Writ of Mandate for CPRA violations and a parallel complaint for damages under California law.

10. Maintaining separate complaints promotes judicial economy, minimizes the risk of federal abstention doctrines (such as *Younger* or *Burford*), and preserves Plaintiff's right to seek complete redress under both sovereign systems without procedural conflict.

11. The bifurcation strategy also avoids misapplication of California's procedural pleading standards to federal constitutional claims and vice versa.

## IV. FACTUAL ALLEGATIONS

12. On or about August 7, 2024, Plaintiff was violently assaulted and robbed in her home in Tustin, California. She was a victim of a violent home invasion, false imprisonment, sexual assault, and robbery involving multiple perpetrators. The incident resulted in physical injury, trauma, and the theft of personal, financial, and digital property.

13. Plaintiff made in-person and written reports to the Tustin Police Department (TPD), including names of perpetrators, digital login activity, stolen property lists, and photographs of injuries.

14. Despite providing names of perpetrators, physical evidence, and surveillance leads, TPD failed to collect critical evidence, take a full report, or pursue the case.

15. No full investigation was initiated. Police failed to collect or preserve surveillance footage, interview witnesses, or secure physical or digital evidence.

16. Plaintiff was further subjected to verbal hostility, dismissive behavior, and character attacks by TPD personnel, including during a recorded interview on August 28, 2024.

17. Following the incident, Plaintiff's identity was misused by third parties to obtain health care, file claims, and access financial accounts, leading to denial of her own benefits, medical care, and housing.

18. Defendant Melendrez and other TPD officials failed to document the identity theft, submit victim declarations, or take basic investigative action despite having sufficient cause and information.

19. TPD obstructed Plaintiff's access to her police report, body cam footage, dispatch logs, and rape kit documentation, citing invalid exemptions under Gov. Code § 7923.600 and PC § 832.7.

20. Plaintiff was denied Marsy's Law notifications, crime victim services, and restitution forms.

21. Officers verbally harassed Plaintiff, subjected her to degrading interviews, and transported her in unsafe conditions.

22. Detectives ignored exculpatory or corroborating evidence and failed to disclose the status or outcome of any investigation.

23. The failure to act by TPD resulted in significant ongoing harm: financial ruin, housing denial, identity misuse, reputational damage, and untreated medical needs.

24. On October 3, 2024, TPD issued a denial letter "exonerating" its officers while failing to provide Plaintiff with investigatory findings or Marsy's Law advisements.

25. Plaintiff was retaliated against for speaking at City Council meetings, publicly reporting misconduct, and seeking redress.

26. Defendants' conduct reflects a pattern of deliberate indifference, retaliation against a vocal victim, and disregard for statutory and professional duties.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

27. On February 7, 2025, Plaintiff submitted a verified Government Tort Claim to the City of Tustin pursuant to California Government Code §§ 910 et seq. The City acknowledged receipt but failed to provide a written response within the statutory 45-day period.

28. Under Government Code § 912.4(c), the claim was deemed rejected by operation of law on March 24, 2025. Despite good faith communications and multiple follow-ups by Plaintiff, all contact ceased without explanation. This administrative abandonment underscores Defendants' broader pattern of indifference, suppression, and procedural evasion.

## VI. CPRA DENIALS

29. Despite Plaintiff's submission of timely, lawful public records requests under the California Public Records Act (Gov. Code § 6250 et seq.) to the City of Tustin, TPD, and the Orange County Sheriff's Department, Defendants failed to provide any substantive response or legally compliant denial.

30. No extensions were requested under Gov. Code § 6253(c), nor were rolling productions initiated. With the exception of a single voicemail from the Irvine Police Department, all agencies stonewalled, ignored, or obstructed Plaintiff's attempt to access critical evidence, including surveillance footage, police reports, and internal correspondence.

31. Such conduct violates both the letter and the intent of California's transparency laws and constitutes a willful suppression of material facts.

## VII. MONELL LIABILITY UNDER 42 U.S.C. § 1983

32. Defendants' conduct reflects an official custom and/or policy of deliberate indifference to victim complaints, police transparency laws, and identity-related crimes.

33. TPD personnel were not trained or supervised in their duties to investigate sexual assaults, preserve cyber-evidence, or respond to CPRA requests as required by law.

34. These failures are attributable to the City of Tustin as a municipal policymaker, satisfying the standards for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## VIII. IDENTITY THEFT, CYBERCRIMES, AND SYSTEMIC RETALIATION

35. Following the initial incident, Plaintiff experienced escalating digital and financial harm, including but not limited to identity theft, unauthorized access to her devices and email, fraudulent purchases, misuse of her name and benefits, and financial account breaches.

36. Despite multiple verbal and written reports to TPD and the Orange County Sheriff's Department, no officer took a formal report of identity theft, refused to investigate, and failed to preserve or pursue digital evidence.

37. Plaintiff was later denied Medi-Cal benefits and healthcare access, including for cervical cancer evaluation and treatment, due to unauthorized third parties claiming services in her name.

38. This denial of essential care was a direct consequence of the Defendants' refusal to investigate or amend her record to reflect identity theft.

39. These failures contributed to Plaintiff's prolonged trauma, worsening psychological harm, economic devastation, and public safety risks.

40. Plaintiff reserves the right to supplement or amend her accounting of damages, including medical, psychological, identity theft-related, and digital losses, as discovery proceeds. Plaintiff specifically objects to producing detailed accounting prematurely and intends to assert those damages through verified discovery responses, protective order, or by court order as appropriate.

## IX. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

*Violation of First Amendment – Retaliation (42 U.S.C. § 1983)*

(Against All Individual Defendants)

41. Plaintiff realleges and incorporates by reference all preceding paragraphs.

42. Defendants retaliated against Plaintiff for exercising her First Amendment rights, including speaking at city council meetings and filing police misconduct complaints.

43. Said retaliation included verbal attacks, denial of services, public discrediting, and obstructive conduct.

44. These acts chilled Plaintiff's free speech and caused emotional, reputational, and financial harm.

### SECOND CAUSE OF ACTION

*Violation of Fourteenth Amendment – Due Process (42 U.S.C. § 1983)*

(Against All Individual Defendants)

44. Plaintiff realleges all preceding paragraphs.

45. Plaintiff was denied constitutionally protected interests in bodily security, property, access to governmental services, and public records, without due process of law.

46. The refusal to investigate her assault or identity theft, and denial of victim rights and access to public services, constitute actionable Fourteenth Amendment violations.

### THIRD CAUSE OF ACTION

*Monell Liability – Unconstitutional Policies, Customs, or Practices (42 U.S.C. § 1983)*

(Against Defendant City of Tustin)

47. Plaintiff realleges all preceding paragraphs.

48. Defendant City of Tustin, through its official policy or longstanding custom, exhibited deliberate indifference to victim complaints, police transparency laws, and identity-related crimes.

49. This includes the failure to train or supervise officers in the investigation of cybercrime, CPRA compliance, or victim treatment.

50. These systemic failures were the moving force behind the constitutional injuries suffered by Plaintiff.

### FOURTH CAUSE OF ACTION

*Failure to Intervene (42 U.S.C. § 1983)*

(Against DOE Officers 1–10)

51. Plaintiff realleges all preceding paragraphs.

52. DOE Defendants knew or had reason to know that their fellow officers were violating Plaintiff's constitutional rights but failed to intervene to prevent such violations.

53. This failure makes them liable under § 1983 for each constitutional injury suffered.

### FIFTH CAUSE OF ACTION (SUPPLEMENTAL CLAIM)

*Violation of the California Public Records Act (Gov. Code § 6250 et seq.)*

(Against All Defendants)

54. Plaintiff submitted lawful, timely CPRA requests for evidence and investigatory materials.

55. Defendants failed to respond within the statutory time frame, withheld materials without justification, and failed to provide extensions or rolling productions as required.

56. These acts constitute a willful violation of California's transparency laws and entitle Plaintiff to declaratory and injunctive relief, and attorney's fees under Cal. Gov. Code § 6259.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award compensatory and general damages in an amount to be proven at trial;
2. Award punitive damages against the individual defendants under federal law;
3. Declare that Defendants' conduct violated Plaintiff's constitutional rights;
4. Grant injunctive relief requiring proper CPRA responses and the implementation of adequate officer training;
5. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and Cal. Gov. Code § 6259;
6. Grant such other and further relief as the Court deems just and proper.

## XI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## VERIFICATION

I, Nicole Caldwell (a.k.a. Nicole Aragon), declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed on this 7th day of August, 2025, in Tustin, California.

**Respectfully submitted,**

DATED: AUGUST 7, 2025

By: _/s/ Nicole Caldwell_

**Nicole Caldwell, Plaintiff, In Propria Persona**